UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PASTA BAR BY SCOTTO II. LLC,<br><br>         Debtor. | Chapter 11<br><br>Case No.: 15-12766-mg<br><br>**DECLARATION OF**<br>**<u>HERSEL TORKIAN</u>** |

Hersel Torkian, pursuant to the provisions of 28 U.S.C. § 1746, declares as follows:

1. I am a Managing Member of 750 Food LLC ("750 Food") a New York Liability Liability Company.

2. 750 Food is a member of Pasta Bar by Scotto II, LLC, a New York limited liability company ("Debtor"). A copy of the certified Articles of Organization of the Debtor is attached hereto as Exhibit "A."

3. 750 Food has a fifty (50%) percent interest in the Debtor. A copy of the Operating Agreement of the Debtor ("Operating Agreement") is attached hereto as Exhibit "B" (¶3.1).

4. John Scotto ("Scotto") has the other fifty (50%) interest in the Debtor. Operating Agreement ¶ 3.1. Mr. Scotto is also the Managing Member of the Debtor. Operating Agreement ¶ 4.2.

5. I make this declaration in support of 750 Food's motion for an Order, pursuant to 11 U.S.C. § 1112(b), to dismiss the Debtor's Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, as filed by Scotto without

1

authorization on behalf of the Debtor in this action on or about October 12, 2015 ("Petition"). A copy of the Petition is annexed hereto as Exhibit "C."

6. Attached to the Petition are two documents: (1) Unanimous Written Consent in Lieu of a Meeting of the Managing Member of Pasta Bar by Scotto II, LLC ("Unanimous Consent") and (2) Statement Regarding Authority to Sign and File Petition ("Statement"). Both of these documents purport to show that Scotto acted with authority on behalf of Pasta Bar to file the Petition. This authority is purportedly based on his position as Managing Member.

7. Mr. Scotto executed the Unanimous Consent as Managing Member which states, in pertinent part, that:

- he as "the Managing Member has had the opportunity to ask questions of the management"….

- "in the judgment of the Managing Member, it is desirable and in the best interests of the Company, its…members…that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, et seq….."

- "the managers and/or officers of the Company be, and they hereby are, authorized to execute and file on behalf of the Company all petitions, schedules…and other papers or documents necessary to commence a case and obtain relief under the Bankruptcy Code….

8. Mr. Scotto, in his capacity as Managing Member, also executed the Statement that further states, in pertinent part, that "…the filing of this petition on behalf

of the company was duly authorized, and is with the consent and knowledge of the Managing Member of this company."

9. However, the Operating Agreement, provides that "the Manager may not take any action constituting a Major Decision without the prior unanimous written consent of the Members holding at least seventy-five (75%) percent of the Percentage Ownership Interests in the Company." Operating Agreement ¶ 4.1(b).

10. Under the Operating Agreement, "a Major Decision shall mean any decision on behalf of the Company relating….Any Material Action, as such term is hereinafter defined…." Operating Agreement ¶ 4.14.1(e)(1)(iv) (internal quotations omitted).

11. Under the Operating Agreement, a Material Action shall mean any of the following…

   \* \* \*

   (B) commencing any case, proceeding or other action on behalf of the Company under any existing or future law of any jurisdiction relating to bankruptcy, insolvency, reorganization or relief of debtors;

   (C) instituting proceedings to have the Company adjudicated as bankrupt of insolvent;

   (D) filing a petition or consent to a petition seeking reorganization…or other relief on behalf of the Company of its debts under any federal or state law relating to bankruptcy;

   (E) filing a petition or consent to a petition seeking reorganization, arrangement, adjustment, winding-up, dissolution, composition, liquidation or other relief on behalf of the Company of its debts under any federal or state law relating to bankruptcy;

   (F) seeking or consenting to the appointment of a receiver, liquidator, assignee, trustee, sequester, custodian or any similar official for the

Company or a substantial portion of the properties of the Company;

\* \* \*

(I) taking any action or causing the Company to take any action in furtherance of any of the foregoing.

Operating Agreement ¶ 4.1(e)(2)(B), (C), (D), (E), (F) and (I).

12. Under the Operating Agreement,

> Members shall be entitled to one vote that is weighed in proportion with their Percentage Ownership Interests. Except for decisions that may be made by the Manager as provided herein, all other decisions including Major Decisions shall require the vote of the Members holding at least seventy-five (75%) percent of the Percentage Ownership Interests.

Operating Agreement (Exhibit B) ¶6.1.

13. As noted in paragraph 3 above and in the Operating Agreement ¶3.1, Mr. Scotto does not own seventy-five (75%) percent of the Percentage Ownership Interests in the Debtor; he only owns fifty (50%) percent and 750 Food owns the remaining fifty (50%) percent.

14. No vote was conducted including 750 Food to file the Petition on behalf of the Debtor.

15. Mr. Scotto did not consult with 750 Food before filing the Petition on behalf of the Debtor.

16. 750 Food never consented to the filing of the Petition on behalf of the Debtor by Mr. Scotto.

17. 750 Food does not now consent to the filing of the Petition on behalf of the Debtor by Mr. Scotto.

18. 750 Food does not believe that the Debtor should be in bankruptcy.

19. Accordingly, 750 Food respectfully requests that this Court dismiss the Debtor's Petition on the ground that Mr. Scotto filed the Petition under the auspices of the Unanimous Consent and Statement in violation of, and without authority under, the Operating Agreement.

[CONTINUED NEXT PAGE]

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 5, 2015 at New York, New York.

                                                                    Hersel Torkian