SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway
New York, New York 10006
(212) 930-9700 x 621
rpreite@srff.com
Ralph E. Preite, Esq.
*Proposed Counsel for Pasta Bar by Scotto II, LLC,*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Pasta Bar by Scotto II, LLC,<br><br>                            Debtor. | Chapter 11<br>Case No: 15-12766-MG<br><br>**OPPOSITION BY DEBTOR TO MOTION TO DISMISS AND MOTION FOR STAY RELIEF.** |

TO:    THE HONORABLE MARTIN GLENN,
          UNITED STATES BANKRUPTCY JUDGE:

Pasta Bar by Scotto II, LLC, debtor and debtor in possession (the "Debtor"), as and for its opposition to the motion dated November 4, 2015 by landlord 750 8th Avenue LLC ("**750 Landlord**") for stay relief (the "Lift Stay Motion"), and the motion dated November 5, 2015 by 750 Food LLC ("**750 Food**") for dismissal of this case ("Dismissal Motion"), respectfully represents to the Court, as follows:

I.    <u>**SUMMARY OF OPPOSITION**</u>

- Movant and 50% owner **750 Food** is an insider and person in control of the Debtor, and thus breaches its duty of undivided loyalty to the Debtor, its estate and the estate's creditors by seeking dismissal under Code section 1112(b) thus warranting denial of its motion.[1]

- Mr. **Hersel Torkian** is the managing member of movant **750 Food** and a member of **750 Landlord**, and his loyalty to the landlord in seeking dismissal violates **750 Food's** duty of loyalty to the Debtor, thus warranting denial of dismissal..

---

[1] A debtor in possession is a fiduciary of creditors, and must keep the interests of creditors paramount.

1

- Movant **750 Food** has failed to provide any analysis for establishing "cause" for relief under Bankruptcy Code section 1112(b).

- Debtor respectfully requests a 60 day extension of its obligation to pay rent under section 365(d)(3) of the Bankruptcy Code.

II.     **BACKGROUND AND POST-PETITION DEVELOPMENT**

1.      The Debtor is tenant under a written lease dated March 25, 2014 (the "Lease") with **750 Landlord** for a portion of ground floor and mezzanine at 750 Eighth Avenue, New York, New York for a term of 10 years which commenced on April 1, 2014 and expires on March 31, 2024. **Hersel Torkian** is the managing member of **750 Landlord.**

2.      The Debtor operates an Italian fast casual restaurant in the heart of theater district in a newly-renovated corner location on 8th Avenue and 46th Street. The location is surrounded by over 9,000 hotel rooms and the vast majority of the Debtor's customers are tourists visiting New York City. The Debtor's restaurant has been operational for approximately 10 months, and has found that the Italian restaurant theme for its location is not feasible.

3.      The Debtor has developed an "Old School Jewish Delicatessen" concept to replace the current "Italian restaurant" concept. The branding of the new concept will be under a license or similar arrangement with a major and superbly recognizable brand in the Deli sector, and the holder of the rights to that brand has indicated its eager intent to do such a deal with the Debtor.

4.      The Debtor has significant interest from a restaurant developer Mr. Dean Palin of Branded Restaurants, to fund the restaurant construction and cure the rental arrears as indicated in the letter of interest dated November 16, 2015, annexed hereto as Exhibit 1.

5.      The Debtor seeks approximately 30-60 days to finalize the financing and re-

branding concept and commence construction of the restaurant space to the new concept while in chapter 11.

6. However, the Debtor believes that the landlord **750 Landlord** has a replacement tenant for higher rent, and therefore Mr. Torkian, who is the landlord's principal and the Debtor's half owner's principal, seeks stay relief and dismissal to benefit the landlord.

7. For these reasons, and the reasons set forth below, the Debtor respectfully requests that the two motions be denied, or at least adjourned for 30-60 days to provide the Debtor a brief opportunity to execute on its re-branding opportunity. If successful, it would be a win-win as all creditors including **750 Landlord** which will be paid in full, and the equity investment by the Debtor's LLC members will not be lost.

### III. MOVANT AND 50% OWNER 750 FOOD IS AN INSIDER AND PERSON IN CONTROL OF THE DEBTOR, AND THUS BREACHES ITS DUTY OF UNDIVIDED LOYALTY TO THE DEBTOR, ITS ESTATE BY SEEKING DISMISSAL UNDER CODE SECTION 1112(B).

8. Mr. Hersel Torkian is the managing member of each of the movants **750 Food** and **750 Landlord**.

9. As is set forth in its motion, movant **750 Food** is a 50% owner of the Debtor. Mr. John Scotto is the other 50% owner of the Debtor.

10. In having **750 Food** seek dismissal of this chapter 11 case, Mr. Torkian is causing **750 Food** to violate its fiduciary duty of undivided loyalty to the Debtor, its estate and its creditors because dismissal will strip-away chapter 11 protections for the benefit of **750 Landlord**. As it sits now, Mr. Torkian serves two masters, is not dis-interested, and is therefore conflicted from acting in this case to seek dismissal.

11. Mr. Torkian's loyalty to the landlord **750 Landlord** as a member of *that* entity

3

violates his duty of loyalty to the Debtor owed through **750 Food** which is a person in control of the Debtor and an insider of the Debtor. **Mr. Torkian's** dual allegiances violate **750 Food's** duty to the Debtor, the estate and its creditors.

12. Section 6.1 of the Debtor's Operating Agreement provides that major decisions require a seventy five (75%) percent vote of the Ownership Interests of the Debtor (which in reality, means 100% as each member holds 50% of the vote). Specifically, said provision of the operating provides as follows:

> **6.1 Voting by Members.**
> Members shall be entitled to one vote that is weighed in proportion with their Percentage Ownership Interests. Except for decisions that may be made by the Manager as provided herein, all other decisions including Major Decisions shall require the vote of the Members holding at least seventy five (75%) percent of the Percentage Ownership Interests

See Operating Agreement annexed to Dismissal Motion as Exhibit B.

13. By its 50% ownership and its control of major decisions, movant **750 Food** is an insider of the Debtor under section 101(31)(B)(iii) of the Code.[2] **750 Food** is essentially a board member of the Debtor (even though there is no board of managers), and therefore **750 Food** owes a duty of undivided loyalty to the Debtor.

14. In **750 Food's** Dismissal Motion, it states that it does not support this chapter 11 filing. Essentially, **750 Food** is asserting its business judgment as a 50% owner and a person in control of the Debtor. Since **750 Food** is a 50% owner of the Debtor and managed by the same person (**Hersel Torkian**) who manages the landlord, **750 Food** is not-disinterested.

15. Protections of the business judgment rule are not available to an interested member on the issue in which it has the conflicting interest. **750 Food** must possess a

---

[2] As a person in control, **750 Food** is the equivalent of a director, thus rendering h

4

disinterested independence and not stand in a **dual relation** which prevents an unprejudicial exercise of judgment.

> The business judgment rule does not foreclose inquiry by the courts into the disinterested independence of those members of the board chosen by it to make the corporate decision on its behalf--here the members of the special litigation committee. Indeed the rule shields the deliberations and conclusions of the chosen representatives of the board only if they possess a disinterested independence and do not stand in a dual relation which prevents an unprejudicial exercise of judgment. (Cf. *Koral v Savory, Inc.,* 276 NY 215.)

Auerbach v Bennett, 47 N.Y.2d 619, 631, 393 N.E.2d 994 (NY 1979).[3]   Such is not the case here.  **750 Food** and Mr. Torkian are not independent because they have a **dual relationship** which prevents an unprejudicial exercise of judgment and prevents disinterested independence. *Their dual relationship to the Debtor and to the landlord creates a situation that is prejudicial to the Debtor and renders the Dismissal Motion and Lift-Stay Motion against the best interests of the Debtor's estate and creditors.*

16.     Challenged transactions[4] when reviewed in New York State are ones where a self-interested director will receive a direct financial benefit from the transaction which is different from the benefit other shareholders receive.

> Directors are self-interested in a challenged transaction where they will receive a direct financial benefit from the transaction which is different from the benefit to shareholders generally.

Marx v. Akers, 88 N.Y.2d 189, 202, 666 N.E.2d 1034, 644 N.Y.S.2d 121 (1996). The Debtor challenges the proposed transaction, which is dismissal of this chapter 11 case and stay relief, because of the self-interestedness of 50% member **750 Food** which is beholden to the landlord

---

[3] Auerbach v Bennett is a ruling in a shareholder derivative action from the highest court in New York state. It controlling in this matter because both the Debtor and **750 Food** are New York companies.
[4] The challenged transaction in the matter at bar is the motion to dismiss filed by 50% owner **750 Food**.

5

**750 Landlord** *via* their common ownership in Mr. Torkian.

17.Mr. Torkian will receive a direct financial benefit if the Debtor is evicted (which will happen after stay relief or case dismissal) because the landlord will replace the Debtor with a higher-paying tenant. See the accompanying affidavit of John Scotto. That is a direct financial benefit that no other creditors will receive. Accordingly under Marx v. Akers, **750 Food** is self-interested in connection with its Dismissal Motion, and such shouldn't be considered.

18.Moving to dismiss is a major decision requiring both 750 Food and Mr. Scotto to approve. Since Mr. Scotto hasn't approved of the dismissal motion transaction, it is made before this Court without authority.

19.Accordingly, the Debtor requests that the Dismissal Motion be denied, or at lease adjourned for 30-60 days.

**IV.750 FOOD FAILS TO ANALYZE AND ESTABLISH CAUSE
UNDER SECTION 1112(B) OF THE BANKRUPTCY CODE**

20.The Debtor's 50% member **750 Food** seeks dismissal of this case under section 1112(b) of the Bankruptcy Code. Said provision requires a showing of "cause" prior to dismissal (or conversion) being granted.

21.Notwithstanding the requirement of establishing cause, movant 750 Food failed to provide any analysis of the requisite "cause" element under section 1112(b). Without making a showing, its motion is fatally defective, this requiring denial of its Dismissal Motion.

22.Section 1112(b) of the Bankruptcy Code provides that:

> ". . . on request of a party in interest, and after notice and a hearing, . . . , the court shall . . . dismiss a case under this chapter [11], whichever is in the best interests of creditors and the estate, for cause . . . "

11 U.S.C. § 1112(b)(1). The determination of cause and the decision to dismiss a chapter 11

6

bankruptcy case pursuant to § 1112(b) rests within the sound discretion of the court.  See In re Gucci, 174 B.R. 401 (Bankr. S.D.N.Y. 1994); see also In re Dark Horse Tavern, 189 B.R. 576 (Bankr. N.D.N.Y. 1995); In re Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (noting that "[c]ourts have wide latitude in determining whether cause exists to . . . dismiss" a chapter 11 bankruptcy case).

23. Notwithstanding the requirement of establishing cause, movant **750 Food** failed to provide any analysis of whether "cause" exists under section 1112(b). No specific factual allegation of cause has been raised, thus requiring the Debtor to guess as to what defense it must raise in opposing that cause is established.

24. Without making a showing of "cause" **750 Food's** motion is fatally defective and should be denied.

V.    **DEBTOR RESPECTFULLY REQUESTS A 60 DAY EXTENSION OF ITS OBLIGATION TO PAY RENT UNDER SECTION 365(D)(3) OF THE BANKRUPTCY CODE.**

25. The Debtor respectfully requests under section 365(d)(3) of the Bankruptcy Code a 60 day extension from the petition date of its obligation to pay rent.  Upon a showing of good cause, the Court may grant such a request for 60 days, but not for any period beyond that.

26. As of the petition date, Debtor is in arrears on its real estate Lease payments. However, the Debtor believes that its possibility of rebranding the restaurant from an Italian to Old School Kosher Delicatessen with restaurant developer Mr. Dean Palin of Branded Restaurants brings new life and hope to the Debtor financially.

27. As indicated in the letter of interest dated November 16, 2015, annexed hereto as Exhibit 1, Mr. Palin is very interested in such a re-branding of the debtor's restaurant and is

7

finalizing due diligence review of the Debtor's business.

28. The Debtor believes that this establishes good cause under section 365(d)(3) of the Bankruptcy Code for granting of the Debtor a 60 day extension from the petition date of its obligation to pay rent.

29. Accordingly, the Debtor respectfully requests that the Court issue an order a providing the Debtor with a 60 day extension from the petition date of its obligation to pay rent.

## CONCLUSION

30. To preserve the value of its business and its lease, the Debtor respectfully requests that the Dismissal Motion and the Stay Relief Motion be denied, or at a minimum, adjourned for 30 - 60 days, and an order be entered providing the Debtor with a 60 day extension from the petition date of its obligation to pay rent.

WHEREFORE, for all of the foregoing reasons, the Debtor respectfully requests that the Dismissal Motion and the Stay Relief Motion be denied, or at a minimum, adjourned for 30 - 60 days, and an order be entered providing the Debtor with a 60 day extension from the petition date of its obligation to pay rent, and grant such other and further relief that the Court finds is just and proper, none of which has been requested of this or any other Court.

Dated: New York, New York
November 17, 2015

SICHENZIA ROSS FRIEDMAN FERENCE LLP
*Proposed Counsel for Pasta Bar by Scotto II, LLP*

By: _____
Ralph E. Preite, Esq.

61 Broadway
New York, New York 10006
(212) 930-9700 x 621